**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:21-cv-00289-MR**

| | | |
|---|---|---|
| **ROGER KEITH LUNSFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF JUSTICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

## I.    BACKGROUND

*Pro se* Plaintiff Roger Keith Lunsford ("Plaintiff"), a federal prisoner currently incarcerated at Butner Federal Correctional Institution located in Butner, North Carolina,[1] filed this action on June 16, 2021, purportedly pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against Defendants United States Department of Justice (the "DOJ"), the "United States Attorneys [*sic*] Office for the Middle District of N.C.," ("US Attorneys"), and the Federal Bureau of

_____

[1] Butner, North Carolina, is in the United States District Court for the Eastern District of North Carolina.

Investigation[2] ("FBI").[3]  Plaintiff alleges that, on August 15, 2014, a jury found him guilty on two counts of armed bank robbery in violation of 18 U.S.C. § 2113(d) and two counts of brandishing and using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).[4]  [Doc. 1 at 14].  On November 20, 2014, "the federal district court in Greensboro, N.C. sentencing plaintiff to (aggregated) 490 months imprisonment (de facto life sentence)." [Id.].  Plaintiff further alleges that, on January 15, 2019, he made a request for public records pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a), to the DOJ and that the DOJ "failed to provide 'final determination' and arbitrarily assigned the request to the complex track.'" [Id. at 4].  "Complex track" requests "necessarily take longer than 'simple requests.'"  [Id. at 16].  Plaintiff's request included records related to his criminal prosecution and a "copy of disciplinary record for AUSA Graham T.

---

[2] Plaintiff purports to sue the FBI as two separate Defendants: the FBI "Charlotte, N.C. Field Office" and the FBI "Greensboro, N.C. Field Office."  [See Doc. 1 at 3].

[3] Plaintiff alleges that he previously filed a lawsuit in the Eastern District of North Carolina dealing with the same facts in this action.  [Doc. 1 at 9].  In that action, Plaintiff sued individual agents of the US Attorney's Office and the FBI, an individual United States Probation Officer, and the State Employees Credit Union based on unanswered FOIA requests submitted in late 2017 and early 2018.  [Civil Case No. 1:18-cv-00249-NCT-JLW, Doc. 2 at 2-3].  On May 10, 2018, on the Magistrate's Recommendation, the Court dismissed that action without prejudice to Plaintiff filing a proper complaint.  [Id., Docs. 3, 5].  The Magistrate advised, in part, that Plaintiff had not stated a proper Bivens action and failed to name proper Defendants under the FOIA.  [Id., Doc. 3].

[4] Plaintiff was prosecuted in the United States District Court for the Middle District of North Carolina.  [Criminal Case No. 1:14-cr-00190-NCT-1].

Green," the AUSA who prosecuted Plaintiff.  [Id. at 19-21].  Plaintiff states that the requested records were "entered into evidence at Plaintiff's public trial."  [Id. at 21].

Plaintiff appealed the DOJ's complex track designation.  [Id. at 16]. The DOJ denied the appeal and advised Plaintiff of his right to seek redress in federal court pursuant to 5 U.S.C. § 552(a)(4)(B).  [Id.; Doc. 1-3 at 2]. Plaintiff alleges that the FBI and the U.S. Attorneys Office for the Middle District have "possession, custody, and control of the records plaintiff seeks." [Id. at 13-14; see id. at 17-18].  Approximately, two and a half years have elapsed since Plaintiff's January 2019 request and the DOJ has not provided the requested records.  [Id. at 18-19].  Plaintiff claims that "substantial 'due process' rights have been violated denying plaintiff fair hearing of his pending criminal appeal, causing loss of life/liberty/property."  [Id. at 5].

For relief, Plaintiff seeks injunctive relief and reasonable costs and attorney fees, although he is proceeding *pro se.*  [Id.].

## II.    DISCUSSION

Although Plaintiff labels his action a Bivens action, he cannot succeed on such a claim.  A Bivens action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors.  See Bivens, 403 U.S. at 395-97.  A Bivens action is the federal counterpart of an

action under 42 U.S.C. § 1983.  Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities.  See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999).  Here, the Defendants are all federal agencies not subject to Bivens liability.  Plaintiff may, however, seek injunctive relief under the FOIA pursuant to 5 U.S.C. § 552(a)(4)(B).  It provides, in pertinent part:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B).

Therefore, under Section 552, Plaintiff's action may be heard in a venue where Plaintiff resides, where the agency records are situated, or in the District of Columbia.  Plaintiff currently resides in the Eastern District of North Carolina.  Given the possibility of Plaintiff's transfer to a different district, it seems most prudent for this action to be heard in a venue where the agency records are situated.  Because Plaintiff was prosecuted in the Middle District of North Carolina, the records he seeks would necessarily be

situated in that District.[5]

Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Middle District of North Carolina. The Court will transfer this action to the Middle District of North Carolina.

## III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Middle District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action is transferred to the Middle District of North Carolina.

2. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 24, 2021

Martin Reidinger
Chief United States District Judge

---

[5] Although Plaintiff alleges, in part, that an FBI agent in the Charlotte, NC, field office "may have possession, custody, and control of the records plaintiff seeks," [Doc. 1 at ¶ 16], there appears to be no legitimate reason for Plaintiff having filed this action in the Western District.